[No. 5643. Decided September 28, 1905.]

ALEX R. WINSTONE, *Appellant,* v. JOSEPHINA WINSTONE, *Respondent.*[1]

JUDGMENTS — ACTION IN EQUITY TO SET ASIDE — GROUNDS. An action to vacate a judgment will not be entertained on the ground of the neglect of the attorney in failing to notify the client of the date of the trial, when it does not appear beyond a reasonable doubt that the trial court abused its discretion in refusing to vacate the judgment and grant a new trial.

SAME—DECREE OF DIVORCE—VACATION. A decree of divorce will not be vacated except for the specific causes provided by law, proved and found by a court of undoubted jurisdiction over the subject-matter and the parties.

NEW TRIAL—DENIAL—FAILURE TO APPEAL FROM ORDER—ESTOPPEL IN SUBSEQUENT PROCEEDING. Where a motion for a new trial on the ground of the neglect of the attorney was presented by new attorneys, and denied, and no appeal was taken, it is proper to dismiss an action to vacate the judgment, based on the same grounds presented in the motion for a new trial.

Appeal from a judgment of the superior court for Kitsap county, Denney, J., entered January 12, 1905, dismissing an action in equity to vacate a judgment, upon sustaining a demurrer to the complaint. Affirmed.

*Sweeney & Steiner,* for appellant.

*Hastings & Stedman* and *W. H. Beatty,* for respondent.

DUNBAR, J.—This is an action in equity, praying for the vacation of a judgment granting a decree of divorce to re-

[1]Reported in 82 Pac. 268.

spondent. The complaint alleges, in substance, that shortly after the institution of the divorce suit by his wife, the respondent in this action, he came to the city of Seattle and employed, as his attorney to represent him in said action, one Fred H. Peterson; that between the 1st and 10th days of November, he was informed by his attorney Peterson that the issues in the said cause were made up, and that said suit for divorce would be set down for trial and tried on the 4th day of December, 1903, further stating that when the case was set down for trial he, the said Fred H. Peterson, would notify the plaintiff and instruct him to have his witnesses ready to appear at said trial; that, on or about the 3d day of December, 1903, the plaintiff was informed by a friend that a divorce had been granted. to the respondent herein, and that plaintiff immediately came to the city of Seattle, called upon his said attorney, and demanded an explanation, the said attorney never having advised him of the setting of said case for trial, or that said case would be tried upon the 2d day of December; whereupon Peterson informed him that he would at once make a motion for a new trial, and would have said decree set aside and a new trial granted, which motion was prepared, with the necessary affidavits attached; that, in the latter part of December, he was informed that no motion for a new trial had ever been filed; that plaintiff then sought the advice of other counsel, and, upon Mr. Peterson's signing a written withdrawal from said case, engaged other counsel to represent him, and to obtain, if possible, a new trial in said cause; that plaintiff then filed a motion for new trial in said cause, and, in support of said motion, filed his affidavit, along with the affidavits of many others, a copy of the affidavit being made a part of the complaint in this case. The motion for new trial was overruled, and no appeal was taken therefrom. The complaint states what are alleged to be the merits of the defense to the action.

This is the substance of the complaint, to which a demurrer was interposed, which demurrer was sustained by the court.

The judgment or decree which is sought to be vacated was made upon the 2d day of December, 1903, and the complaint and summons in this action were filed on the 2d day of June, 1904. When the same were served, it.does not appear. It will be observed that there is no allegation of fraud or collusion between the respondent in this cause and the appellant's attorney, but the allegation is simply one of neglect on the part of the attorney. As a general rule, the act or omission of the attorney is the act or omission of the client. No negligence will be excusable in the former which would not be excusable in the latter. Black, Judgments, § 341. In many jurisdictions courts have refused, under any circumstances, to set aside a judgment on the sole ground of neglect or carelessness of an attorney; but while we are not prepared to announce so broad a doctrine, because circumstances might be presented of negligence on the part of an attorney from the effects of which a court of equity, through its inherent power, would relieve litigants — yet such questions must, of necessity, be so largely within the knowledge and discretion of the trial court, who is acquainted with all the circumstances of the case, that it must appear beyond a reasonable doubt to the appellate court that such discretion has been abused before the judgment of the trial court will be set aside.

In addition to this, this action is for the purpose of vacating a judgment in a divorce case, and it is uniformly held that judgments in divorce cases will not be readily set aside, especially in jurisdictions where parties to the divorce action are permitted to marry again. The reason assigned for the reluctance of courts to grant the vacation of judgments, in such cases, is so plainly and forcibly presented in *Metler v. Metler,* 32 Wash. 494, 73 Pac. 535, that we cannot do better than to reproduce it here. In discussing

the discrimination made against the vacation of a judgment
in divorce cases under Bal. Code, § 4880, the court said:

"The reasons for making this distinction between judg-
ments in this particular action and judgments in ordinary
actions are apparent. A decree of divorce affects the status
of the parties, both with respect to their relations to one
another and their relations to the public. By the terms
of the statute, divorced persons may lawfully marry after
a limited time from the rendition of the decree, and to
permit its vacation is to make it possible, under the guise
of law, to inflict injury and suffering upon persons whose
innocence entitles them to every protection the law can afford.
It is therefore highly important, not only for the sake of
the parties thereto, but also for the sake of such persons,
that decrees of divorce should not be granted except for
specific causes provided by law, proved and found by the
court, in actions where the court has undoubted jurisdiction
over the subject-matter and the parties; but it is also equally
important that the decree, when once granted, be not dis-
turbed by the court granting it."

Although the section discussed is not involved in this pro-
ceeding, the reasons given by the court for not disturbing a
decree of divorce are equally applicable.

Again, a motion for a new trial was heard by the court
by new attorneys employed by the appellant, upon the same
affidavits that are presented in this application as a basis
for the vacation of the judgment. No appeal was taken
from the action of the court in overruling the motion for a
new trial, and while it is said by the appellant that the
evidence taken at the original trial was not recorded, and
that he was unable to obtain a transcript of the same, the
affidavit and proof on motion for a new trial were, or could
have been preserved, and would have served the appellant
on the refusal of the court to grant a new trial, and this
court could have passed upon the question of whether the
court erred in refusing to grant appellant a new trial upon
the evidence shown by the affidavits filed for and against
said motion. There having been no appeal from said order

of the court, this court is not inclined to disturb the judgment originally rendered by the trial court. ·

The judgment is therefore affirmed.

MOUNT, C. J., HADLEY, CROW, and FULLERTON, JJ., concur.