[No. 12846-6-III.     Division Three.     April 21, 1994.]

THE STATE OF WASHINGTON, *Appellant,* v. JOSE E. CORTEZ, *Respondent.*

*Andrew K. Miller, Prosecuting Attorney,* for appellant.

*Antonio Salazar* and *Salazar Law Offices,* for respondent.

THOMPSON, C.J. — The State appeals a superior court order vacating the judgment and sentence of Jose E. Cortez for possession of a controlled substance, cocaine. The State contends the court lacked authority to grant such relief because there were no defects in the underlying conviction nor any extraordinary circumstances to justify vacation. The State also contends the vacation was an untimely collateral attack on the judgment and violated the separation of powers doctrine. We reverse and direct the trial court to reinstate the judgment.

On June 15, 1990, Mr. Cortez pleaded guilty to possession of a controlled substance, cocaine. RCW 69.50.401(d). Mr. Cortez' signed statement on plea of guilty contained the following paragraph:

> I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States.

Mr. Cortez was convicted and sentenced on June 15, 1990, to 30 days' confinement and 1 year of community supervision. He was also ordered to pay court costs, attorney fees, and a penalty assessment. He completed his confinement and reported as required until November 16, 1990, at which time the Department of Corrections was unable to locate him. The State filed a motion for order to show cause and a bench warrant for his arrest.

On February 25, 1992, after Mr. Cortez was located, an order was entered which modified his sentence by adding 10 days' confinement. He was also ordered to report to the Department of Corrections.

On October 22, 1992, Mr. Cortez moved to vacate the June 15, 1990, judgment and sentence. The motion did not

state the grounds for the motion, nor was it supported by affidavit. Apparently, Mr. Cortez was the subject of deportation proceedings when the motion was filed.

The trial court found Mr. Cortez resided in the United States since the age of 8. He was 23 at the time of hearing and, because of his conviction, was ineligible for relief from deportation. The court concluded that deportation was too harsh. For this reason, the conviction was vacated pursuant to CrR 7.8(b)(5) and the common law writ of audita querela.

## CrR 7.8

Contentions. The State contends relief under CrR 7.8(b)(5) is limited to circumstances where a legal defect relating to the underlying conviction exists. Since the trial court did not find any legal defect and none exists in fact, the court erred in vacating the conviction.

The State also contends CrR 7.8(b)(5) applies only in extraordinary circumstances, *State v. Dennis*, 67 Wn. App. 863, 840 P.2d 909 (1992), and no extraordinary circumstances were present in this case. *Ackermann v. United States*, 340 U.S. 193, 95 L. Ed. 207, 71 S. Ct. 209 (1950); *Klapprott v. United States*, 335 U.S. 601, 93 L. Ed. 266, 69 S. Ct. 384, *modified*, 336 U.S. 942, 93 L. Ed. 1099 (1949). Even if they were present, the trial court exceeded its judicial power and infringed upon executive and legislative authority because the sole purpose of the vacation was to affect Mr. Cortez' immigration status.

No Defect in Underlying Conviction. The trial court did not find any defect in the original judgment or proceeding. Although Mr. Cortez does not assign error to the court's failure to find any defect, he contends such defect did in fact exist.

We find no support for Mr. Cortez' contention. Prior to acceptance of a guilty plea, RCW 10.40.200(2) requires the court to determine that a noncitizen defendant has been advised of the potential for deportation. The defendant is presumed not to have received the required notice if there is no written acknowledgment of the advisement. RCW 10.40.200(2).

The statement on plea of guilty signed by Mr. Cortez contains a written notice that conviction would result in deportation. It also bears the signature of his counsel. The trial court noted during the hearing that the judge who accepted the guilty plea asked Mr. Cortez if he had read the form he signed and he answered affirmatively.

Mr. Cortez presented no evidence to indicate he did not understand the rights set forth in his plea agreement or had any difficulty with the English language. His sole argument was the court failed to "highlight" the potential for deportation. He cites no authority for his argument that an explicit oral warning must be given by the court and we have found none. Indeed, by analogy, no explicit oral explanation of deportation possibilities is required. *Cf. State v. Chervenell,* 99 Wn.2d 309, 314, 662 P.2d 836 (1983) (a defendant's knowledge of his right to remain silent may be shown by proof that he had read a guilty plea form which described that right).

Even if there had been a defect in the underlying conviction, it would constitute an "irregularity" or "mistake" under CrR 7.8(b)(1), and not "[a]ny other reason justifying relief . . ." under CrR 7.8(b)(5).[1] Relief under CrR 7.8(b)(1) was time barred. RCW 10.73.090(1);[2] CrR 7.8(b).[3]

■ No Extraordinary Circumstances. Even if CrR 7.8(b)(1) is not controlling, relief is not available under CrR 7.8(b)(5) either. A vacation under subsection (5) is limited to extraordinary circumstances not covered by any other section of the

---

[1]CrR 7.8(b)(1)-(4) permits the court to relieve a party from a final judgment, order or proceeding for mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. Subsection (5) allows relief for "[a]ny other reason".

[2]RCW 10.73.090 states in relevant part:

"(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

[3]Effective September 1, 1991, CrR 7.8 was amended to include statutory time limitations on filing collateral attacks on criminal judgments. The amendments require that motions under sections (b)(1) and (2) must be brought not more than 1 year after the judgment.

rule. *State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992). Further, final judgments "may be vacated or altered only in those limited circumstances where the interests of justice most urgently require". *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989).

■ We find no extraordinary circumstances which warrant vacation of the judgment in this case and the interests of justice do not compel, or permit, vacation. There is no reason in law or policy which suggests that a conviction should be vacated for circumstances existing at the time the judgment is entered. Though, as noted by the trial judge, the conviction result seems "too harsh" as applied to Mr. Cortez, nevertheless it is a punishment specifically provided for under federal law.

■ Congress establishes the criteria governing deportation of aliens convicted of certain offenses. As stated in *Landon v. Plasencia*, 459 U.S. 21, 34-35, 74 L. Ed. 2d 21, 103 S. Ct. 321 (1982):

> [C]ontrol over matters of immigration is a sovereign prerogative, largely within the control of the Executive and the Legislature. See, *e.g., Fiallo*, [*v. Bell*, 430 U.S. 787, 792-93, 52 L. Ed. 2d 50, 97 S. Ct. 1473, 1477-78 (1977); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542-43, 94 L. Ed. 317, 70 S. Ct. 309, 312 (1950)]; *The Japanese Immigrant Case*, [*Yamataya v. Fisher*, 189 U.S. 86, 97, 47 L. Ed. 721, 23 S. Ct. 611 (1903)]. The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to imposing procedures that merely displace congressional choices of policy.

Vacation of Mr. Cortez' conviction pursuant to CrR 7.8 was an abuse of discretion.

### AUDITA QUERELA

The trial court also utilized the writ of audita querela to vacate Mr. Cortez' conviction on purely equitable grounds.

Audita querela is an old common law writ by which a defendant can obtain "relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment . . .". 11

Charles A. Wright & Arthur R. Miller, *Federal Practice* § 2867, at 235 (1973). There are no reported Washington cases involving audita querela, and only two federal district court cases which have recognized its use when there has been no legal defect in the underlying conviction or sentence. *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988); *United States v. Ghebreziabher*, 701 F. Supp. 115 (E.D. La. 1988).

Federal appellate courts and other district courts have rejected the analysis in *Salgado* and *Ghebreziabher. See, e.g., United States v. Johnson*, 962 F.2d 579 (7th Cir. 1992); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1, 3, 105 A.L.R. Fed. 871 (1st Cir. 1991); *United States v. Ayala*, 894 F.2d 425, 426 (D.C. Cir. 1990). They hold a claim that a criminal conviction is inequitable or unfair, or even grossly unfair, does not allow for a writ of audita querela. Any discharge must be based on a legal defect in the conviction or a defect in the sentence which taints the conviction. As stated in *Johnson*, at 582:

> Creation of a new equitable remedy in the federal post-conviction relief scheme raises serious constitutional concerns. *See Reyes*, 945 F.2d at 866; *Holder*, 936 F.2d at 5. We have a delicately balanced system — one that depends on a separation of powers. In this instance, Congress is vested with the power to enact immigration legislation, including deportation standards. The executive is empowered to prosecute criminal offenses. Vacating a valid conviction through the purely equitable use of *audita querela* amounts to an end run around properly enacted immigration legislation and essentially rewrites § 241(a)(11) of the Act, which provides for deportation of an alien convicted of a violation of the Controlled Substances Act. The courts may not tinker with this balance without sufficient statutory, or even historical, authority. Requiring a legal defect as a prerequisite to relief via *audita querela* assures us that the writ will not disturb this fine balance.

██ CR 60(d), the functional equivalent of CrR 7.8(b), abolishes audita querela as a bill of review. The procedure to obtain relief from a judgment is limited to an independent action or by motion on the court ruling.

The trial court erred in vacating the conviction by issuance of the writ.

We reverse and order reinstatement of the judgment.

MUNSON and SCHULTHEIS, JJ., concur.