[No. 16083-1-III. Division Three. December 23, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. ALFONSO
OLIVERA-AVILA, *Respondent*.

*Steven M. Lowe, Prosecuting Attorney*, and *Frank W. Jenny II, Deputy*, for appellant.

*Carl G. Sonderman* of *Sonderman & Swanberg*, for respondent.

SCHULTHEIS, J. — Mandatory community placement is a direct consequence of certain guilty pleas and must be communicated to the defendant before he or she enters the plea. *State v. Ross*, 129 Wn.2d 279, 284-86, 916 P.2d 405 (1996). Alfonso Olivera-Avila was not informed that one year of community placement was mandatory for a plea of guilty to charges of possession and delivery of cocaine. Three years after entry of his judgment, he moved to withdraw his pleas and vacate the judgment and sentence on the basis of *Ross*. The trial court granted the motion and the State now appeals, contending Mr. Olivera-Avila's motion was not timely under RCW 10.73.090 and CrR 7.8(b). We reverse and reinstate the judgment and sentence.

On June 8, 1993, Mr. Olivera-Avila pleaded guilty to two charges of unlawful delivery of cocaine and one charge of unlawful possession of cocaine. RCW 69.50.401(a)(1)(i); RCW 69.50.401(d). One year of community placement is mandatory for felony drug offenders. RCW 9.94A.120(9)(a). Mr. Olivera-Avila was not informed of the community placement during the plea hearing and his outdated plea form did not contain anything similar to the provision required by CrR 4.2(g): "In addition to confinement, the judge will sentence me to community placement for at least 1 year. During the period of community placement, I will be under the supervision of the Department of Corrections, and I will have restrictions placed on my activities." His pleas were accepted by the trial court and he was immediately sentenced to 41 months, the low end of the standard range.[1] The judgment and sentence form, entered June 8, 1993, contains a provision additionally sentencing Mr. Olivera-Avila to one year of community placement.

Mr. Olivera-Avila was released from custody in August 1995 and was deported. At some point, he reentered the United States and committed crimes that resulted in federal convictions. He was in federal custody when *Ross* was filed in May 1996. In August 1996, Mr. Olivera-Avila moved for withdrawal of his guilty pleas and vacation of his judgment and sentence. At the hearing on the motion, he argued *Ross* required withdrawal of any guilty plea entered without advisement of mandatory community placement. The State responded that Mr. Olivera-Avila's motion was untimely because he filed it more than one year after entry of the judgment. RCW 10.73.090. Noting that the appellant in *Ross* apparently moved for withdrawal of his guilty plea more than one year after entry of judgment, the trial court found that Mr. Olivera-Avila's motion

---

[1]He received 41 months for each of the two delivery charges and three months for the possession charge, to run concurrently. RCW 9.94A.310, .320, .360, .400.

was timely under CrR 7.8(b)(4) and/or (5)[2] and that RCW 10.73.090 was not applicable. The court granted the motion, withdrew Mr. Olivera-Avila's guilty pleas, and vacated his judgment and sentence. The State now appeals.

The sole issue on appeal is whether collateral attack of a guilty plea, judgment and sentence on the basis of *Ross* is subject to the one-year limitations of CrR 7.8(b)(1) and RCW 10.73.090. We review a court's CrR 7.8(b) decision for abuse of discretion. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994).

If a motion to relieve a party from judgment is based on mistake, inadvertence, excusable neglect, newly discovered evidence or irregularity in obtaining the judgment, it must be made within a year of the judgment's entry. CrR 7.8(b). A motion based on a void judgment or "[a]ny other reason justifying relief from the operation of the judgment" may be brought within a reasonable time. CrR 7.8(b)(5); *State v. Clark*, 75 Wn. App. 827, 830, 880 P.2d 562 (1994). In any case, the motion is "further subject" to the time limitations of RCW 10.73.090. CrR 7.8(b). Generally, a motion collaterally attacking a judgment in a criminal case must be brought within one year after the judgment becomes final if the judgment is valid on its face and rendered by a court of competent jurisdiction. RCW 10.73.090(1). "Collateral attacks" include motions to vacate a judgment and motions to withdraw guilty pleas. RCW 10.73.090(2). The one-year time limit is not applicable if, among other

---

[2]CrR 7.8(b) allows a court to relieve a party from a final judgment for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

"(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6;

"(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

"(4) The judgment is void; or

"(5) Any other reason justifying relief from the operation of the judgment.

"The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140."

grounds, "there has been a significant change in the law that is material to the conviction." *State v. King*, 130 Wn.2d 517, 531, 925 P.2d 606 (1996); RCW 10.73.100.

Mr. Olivera-Avila filed his motion more than one year after entry of his judgment. He contends the one-year time limits of CrR 7.8(b) and RCW 10.73.090 are not applicable because his judgment is void (CrR 7.8(b)(4)) and invalid on its face (RCW 10.73.090), relief is justified for other reasons (CrR 7.8(b)(5)), and *Ross* constituted a significant change in the law material to his conviction (RCW 10.73.100).

We first decide whether the decision in *Ross* rendered Mr. Olivera-Avila's judgment void. In *Ross*, decided May 1996, the Supreme Court held that mandatory community placement is a direct consequence of a guilty plea and therefore must be communicated to the defendant before entry of the plea. *Ross*, 129 Wn.2d at 284-87; *see also* CrR 4.2(d).[3] If not explicitly warned that community placement is mandatory for his or her crime, the defendant may move for withdrawal of the plea on the grounds that it was not entered intelligently and voluntarily. *Ross*, 129 Wn.2d at 284.

But does the failure to inform the defendant of the direct consequences of a plea render the judgment void? *Ross* states only that "[a]n involuntary plea produces a manifest injustice to permit withdrawal." *Id.* at 284. In *State v. Boyd*, 21 Wn. App. 465, 478, 586 P.2d 878 (1978), *vacated in State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), a defendant in habitual criminal proceedings collaterally attacked a prior grand larceny conviction on the basis that his guilty plea was involuntary. Facing precedent that allowed collateral attacks only when the judgment was void for lack of jurisdiction, *Boyd* found that a constitutional infirmity does

---

[3]The rule provides safeguards for guilty pleas beyond the constitutional minimum:

"The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." CrR 4.2(d); *Ross*, 129 Wn.2d at 284.

not deprive a court of jurisdiction, "But we do feel that a constitutional defect renders a judgment void, and that judgments void for any reason should be subject to collateral attack." 21 Wn. App. at 478. In review of *Boyd*, however, the Supreme Court in *Holsworth* decided that an attack in habitual criminal proceedings of involuntary guilty pleas is not collateral.[4] Consequently, *Holsworth* declined to "reach or assess the validity of " *Boyd*'s holding that a collateral attack would be allowed because the plea defect was of a constitutional nature. *Holsworth*, 93 Wn.2d at 159.

 Soon after the decision in *Holsworth*, the Supreme Court held that traffic convictions based on constitutionally defective guilty pleas were void and subject to collateral attack in habitual criminal proceedings. *State v. Ponce*, 93 Wn.2d 533, 540, 611 P.2d 407 (1980); *see also Upward v. Department of Licensing*, 38 Wn. App. 747, 750, 689 P.2d 415 (1984) (habitual traffic offender proceedings). Since Mr. Olivera-Avila's guilty pleas were obtained in violation of due process (*Ross*, 129 Wn.2d at 284), we find that the resulting judgment is void and subject to collateral attack pursuant to CrR 7.8(b)(4). A void judgment may be collaterally attacked "within a reasonable time," subject to the further restrictions of RCW 10.73.090. CrR 7.8(b).

 The trial court also found that Mr. Olivera-Avila's judgment should be vacated pursuant to CrR 7.8(b)(5): "Any other reason justifying relief from the operation of the judgment." A section (5) vacation of judgment is limited to extraordinary circumstances not covered by any other section of the rule. *State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992); *State v. Cortez*, 73 Wn. App. 838, 841-42, 871 P.2d 660 (1994). These extraordinary circumstances must relate to fundamental, substantial irregularities in the court's proceedings or to irregularities extraneous to the court's action. *State v. Aguirre*, 73 Wn. App. 682, 688, 871 P.2d 616, *review denied*, 124 Wn.2d 1028 (1994); Philip

---

[4]"The challenge instead is to the present use of an invalid plea in a *present* criminal sentencing process." *Holsworth*, 93 Wn.2d at 154.

A. Trautman, *Vacation and Correction of Judgments in Washington*, 35 WASH. L. REV. 505, 515 (1960). Here, the irregularity lies in the guilty plea procedure. The trial court's failure to warn Mr. Olivera-Avila of the mandatory community placement is not a substantial or fundamental irregularity justifying vacation on the basis of CrR 7.8(b)(5).

■ Because we agree with Mr. Olivera-Avila that he was collaterally attacking a void judgment, we next ask whether his motion was timely under the applicable rules and statutes. A motion to vacate a void judgment must be filed "within a reasonable time." CrR 7.8(b). It must also, however, comply with RCW 10.73.090. CrR 7.8(b); *see Cortez*, 73 Wn. App. at 841. The one-year limitation of RCW 10.73.090(1) applies generally to all collateral attacks on judgments that are valid on their faces and jurisdictionally competent. Mr. Olivera-Avila's judgment is valid on its face because it contains all necessary information, including notice of his mandatory community placement. *See State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986) (a conviction constitutionally invalid on its face is one that without further elaboration shows infirmities of constitutional magnitude). He does not challenge the jurisdiction of the court to enter the judgment. Consequently, we next ask whether his collateral attack comes within the exceptions to RCW 10.73.090's timeliness requirement.

The only exception argued by Mr. Olivera-Avila is the one in RCW 10.73.100 related to retroactive application of new law:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> . . . .
>
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law

is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100.

In deciding whether a new law should be applied retroactively, we are guided by *In re Personal Restraint of St. Pierre*, 118 Wn.2d 321, 823 P.2d 492 (1992). Generally, a new rule will not be given retroactive application to cases on collateral review unless "(a) the new rule places certain kinds of primary, private individual conduct beyond the power of the state to proscribe, or (b) the rule requires the observance of procedures implicit in the concept of ordered liberty." *Id.* at 326. The rule in *Ross*, 129 Wn.2d at 284, requires the observance of a procedure—communication of all direct consequences of a guilty plea—that is implicit in due process. *Ross* should, accordingly, be applied retroactively even on collateral review. But the timeliness of such a collateral attack depends on whether *Ross* provides a significant, material change in the law. RCW 10.73.100(6).

One of the tests for determining whether a new law represents a significant, material change is applied by asking if the defendant could have argued the same issue before the new law was decided. *In re Personal Restraint of Holmes*, 121 Wn.2d 327, 332, 849 P.2d 1221 (1993). Even before *Ross*, it was well settled that a guilty plea would not be accepted until the defendant had been informed of all direct consequences of the plea. *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980). Direct consequences were defined as those with " 'a definite, immediate and largely automatic effect on the range of the defendant's punishment".' " *Ross*, 129 Wn.2d at 284 (quoting *Barton*, 93 Wn.2d at 305 (quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005 (1973))). Mandatory community placement has been a direct consequence of a felony drug conviction since RCW

9.94A.120 was amended in 1988. *See* LAWS OF 1988, ch. 153, § 2, effective July 1, 1988. Mr. Olivera-Avila was on notice that he was subject to one year of mandatory community placement when he was sentenced immediately after he entered his guilty pleas. He, like the defendant in *Ross*, could have argued that community placement was a direct consequence and that the failure to inform him of that consequence rendered his pleas involuntary. CrR 4.2(d); *Barton*, 93 Wn.2d at 304. Since *Ross* did not create a significant, material change in the law, Mr. Olivera-Avila's failure to raise the issue of his pleas' constitutional validity in a timely manner precludes review now. RCW 10.73.100(6); *Holmes*, 121 Wn.2d at 332.

Finally, we must address the trial court's finding that the *Ross* court's failure to address RCW 10.73.090 implicitly means the statute's one-year time limit does not apply to collateral attacks of such guilty pleas. The issue of the motion's timeliness under RCW 10.73.090 or CrR 7.8(b) was never raised in *Ross*. It is not even clear that the defendant in *Ross* moved to withdraw his guilty plea over a year after judgment was entered. *Ross* notes only that the defendant pleaded guilty on November 6, 1991 and "subsequently moved the trial court to withdraw his guilty plea as involuntary." 129 Wn.2d at 283. Without evidence that the issue was even there to address, we cannot say that the *Ross* court ignored an issue of timeliness or, by implication, rejected application of CrR 7.8(b) and RCW 10.73.090.

In summary, we note that the purpose of RCW 10.73.090 is to encourage convicted prisoners to bring collateral attacks promptly. *In re Personal Restraint of Runyan*, 121 Wn.2d 432, 450, 853 P.2d 424 (1993). We defeat that purpose if we allow unlimited review of judgments—valid on their faces—later challenged on the basis of new interpretations of settled law. In light of our holding that the one-year time limit of RCW 10.73.090 applies, and that the rule in *Ross* does not constitute a significant, material change in the law, it follows that the trial court abused its discretion in withdrawing the guilty pleas and vacating the judgment and sentence.

Reversed; judgment and sentence reinstated.

SWEENEY, C.J., and BROWN, J., concur.