14 P.3d 828 (2000)
103 Wash.App. 775
STATE of Washington, Appellant,
v.
LABOR READY, INC., a Washington State Corporation, Respondent.
No. 18824-8-III.
Court of Appeals of Washington, Division 3, Panel Three.
December 19, 2000.
As Amended January 11, 2001.
*829 Brian T. Moran, Seattle, Talis M. Abolins, Olympia, Asst. Atty. Gen's., for Appellant.
Karen H. Simmonds, Jesse O. Franklin, IV, Preston, Gates & Ellis, Seattle, for Respondent.
BROWN, A.C.J.
Today we decide an issue of first impression, the constitutionality of RCW 49.44.100, the Washington strikebreaker law. The trial court declared the law unconstitutional and dismissed the prosecution against Labor Ready, Inc. We agree with the trial court. The law is unconstitutional, violating the supremacy clause's preemption principles. Accordingly, we affirm.

FACTS
This appeal centers on the validity of RCW 49.44.100, commonly referred to as the Washington strikebreaker law, which provides:
It shall be unlawful for any person, firm or corporation not directly involved in a labor strike or lockout to recruit and bring into this state from outside this state any person or persons for employment, or to secure or offer to secure for such person or persons any employment, when the purpose of such recruiting, securing or offering to secure employment, is to have such persons take the place in employment of employees in a business owned by a person, firm or corporation involved in a labor strike or lockout, or to have such persons act as pickets of a business owned by a person, firm or corporation where a labor strike or lockout exists: PROVIDED, That this section and RCW 49.44.110 shall not apply to activities and services offered by or through the Washington employment security department.
*830 Labor Ready was charged with violating RCW 49.44.100, for allegedly recruiting or securing employment of out-of-state workers to work at the Kaiser Aluminum plant in Trentwood, Washington during a lockout. Kaiser, a multi-state employer with a multi-state collective bargaining agreement, had engaged in a lockout for nearly a year. Labor Ready sought dismissal, arguing RCW 49.44.100 was unconstitutional. The trial court agreed, citing two grounds.
First, the court concluded the National Labor Relations Act (NLRA), 29 U.S.C. Ch. 7, Sub. ch. II, et. seq., "applies to the very subject matter of RCW 49.44.100" and that the statute "does not fall within any exception to federal labor law preemption." Labor Ready had "demonstrated beyond a reasonable doubt that RCW 49.44.100 is preempted by the NLRA."
Second, the trial court concluded RCW 49.44.100 was unconstitutional under the commerce clause of the United States Constitution, art. I, § 8, cl. 3. The court reasoned that on its face "the statute as written discriminates against interstate commerce" by impermissibly burdening "the recruitment and transporting of out-of-state replacement workers into the state, but imposes no similar burden on recruitment and transporting of in-state replacement workers." Labor Ready met its burden of proof by demonstrating "beyond a reasonable doubt" that RCW 49.44.100 is unconstitutional under the commerce clause.
The court declined to "perform judicial surgery on the statute to attempt to remedy it constitutional infirmities." The court did not reach other issues presented by Labor Ready, reasoning that federal preemption and the commerce clause issues were dispositive. The State filed this appeal.

ANALYSIS

A. Preemption
The issue is whether RCW 49.44.100 violates the supremacy clause of the United States Constitution, art. VI, cl. 2, because it is federally preempted by the NLRA.
Preemption is reviewed de novo. Hoddevik v. Arctic Alaska Fisheries Corp., 94 Wash.App. 268, 278, 970 P.2d 828, review denied, 138 Wash.2d 1016, 989 P.2d 1140 (1999), cert. denied, 528 U.S. 1155, 120 S.Ct. 1161, 145 L.Ed.2d 1072 (2000). The reviewing court begins by assuming state laws regarding matters historically within a state's police powers are not preempted by federal statute and therefore constitutional, absent the clear and manifest intent of Congress. Hue v. Farmboy Spray Co., Inc., 127 Wash.2d 67, 78, 896 P.2d 682 (1995). A person challenging a statute must demonstrate its unconstitutionality beyond a reasonable doubt. City of Seattle v. Montana, 129 Wash.2d 583, 589, 919 P.2d 1218 (1996). The State contends the trial court erred in finding RCW 49.44.100 unconstitutional because Labor Ready did not prove beyond a reasonable doubt that the statute was preempted by the NLRA.
There are two lines of preemption analysis under the NLRA. "The Machinists doctrine preempts any attempt by the state to regulate activity that Congress intentionally left unregulated." Hume v. American Disposal Co., 124 Wash.2d 656, 662, 880 P.2d 988 (1994) (citing Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Comm'n, 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976)). "The Garmon doctrine operates to preempt claims based upon a state law which attempts to regulate conduct that is arguably either prohibited or protected by the National Labor Relations Act." Hume, 124 Wash.2d at 662, 880 P.2d 988 (citing San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)).
Here, the trial court did not specify which doctrine it applied, but it found "[t]he NLRA applies to the very subject matter of RCW 49.44.100. The NLRA guarantees employers the right to hire replacement workers during a strike or lockout." Labor Ready argues the Machinists doctrine is most applicable. The State does not argue to the contrary.
Under NLRA jurisprudence, an employer has a federal right to continue operations *831 during an economic strike[1] and to hire replacement workers. Trans World Airlines v. Independent Fed'n of Flight Attendants, 489 U.S. 426, 433, 109 S.Ct. 1225, 103 L.Ed.2d 456 (1989). "No state or federal official or government entity can alter the delicate balance of bargaining and economic power that the NLRA establishes, whatever his or its purpose may be." Chamber of Commerce of United States v. Reich, 74 F.3d 1322, 1337 (D.C.Cir.1996). By curtailing an employer's right to hire replacement workers, RCW 49.44.100 attempts to regulate conduct that was intended to be left unregulated. Such restrictions are prohibited under the Machinists doctrine.
Several other courts have come to like conclusions regarding statutes similar to RCW 49.44.100. See Kapiolani Med. Ctr. for Women & Children v. Hawaii, 82 F.Supp.2d 1151, 1158 (D.C.Haw.2000) (state statute prohibiting third parties to labor disputes from hiring replacement workers held preempted by NLRA); Charlesgate Nursing Ctr. v. Rhode Island, 723 F.Supp. 859, 866-67 (D.C.R.I.1989) (state criminal statute providing that struck employers could not utilize services of third parties in securing replacement personnel held preempted by NLRA); Professional Staff Nurses Ass'n v. Dimensions Health Corp., 110 Md.App. 270, 677 A.2d 87, 101 (1996) (state prohibition against person not directly interested in strike providing, obtaining, recruiting, or referring for employment a replacement worker was preempted by NLRA).
While RCW 49.44.100 attempts to regulate conduct that Congress intended to be left unregulated, the statute is still not preempted if it meets one of two exceptions. Preemption is inappropriate when the conduct at issue is merely a peripheral federal concern under the NLRA or it involves a state interest that is "deeply rooted in local feeling and responsibility." Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 197, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978). The State asserts that the statute addresses matters of vital local concern; reserving limited industrial jobs for eastern Washington residents and preventing violence.
It is presumed that "an act that affects the economic balance between labor and management and that is focused on labor relations rather than peculiarly local interests" is invalid unless there is "a clear legislative intent to the contrary." Chamber of Commerce of United States v. New Jersey, 89 N.J. 131, 445 A.2d 353, 361 (1982). In other words, evidence of congressional intent to tolerate the state action must exist. New York Tel. Co. v. New York State Dep't of Labor, 440 U.S. 519, 549-50, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979) (Blackmun, J., concurring).
Here, neither preserving industrial jobs for Washington residents nor preventing violence are express policy considerations of RCW 49.44.100. There is no purpose or policy statement in the statute itself, nor was a purpose or policy statement pronounced during the congressional hearings prior to the statute's passing. See LABOR DISPUTESLIMITATION ON RECRUITING REPLACEMENT EMPLOYEES, SESSION LAWS, CHAPTER 180, SUB. S.B. 247 (WA 1961). Although this court recognizes the State has an interest in preventing violence and maintaining employment for its residents, RCW 49.44.100 by its plain language does not expressly provide for these interests. Moreover, even with this statute in place, employers could still hire out-of-state replacement workers themselves. Thus, the State interest exception does not apply.
As a side note, the State requests this court "narrow the sweep" of RCW 49.44.100 and only apply it during incidents of violence or potential violence. This is essentially a request to rewrite the statute, which is outside this court's authority. See Millay v. Cam, 135 Wash.2d 193, 203, 955 P.2d 791 (1998) (courts do not amend statutes by judicial construction, nor rewrite statutes *832 "to avoid difficulties in construing and applying them.")
In sum, RCW 49.44.100 is preempted by the NLRA because it involves an impermissible extension of state regulation into areas that had been left under the control of free play of economic forces. Further, RCW 49.44.100 does not meet any of the exceptions to forestall preemption.

B. Commerce Clause
The issue is whether RCW 49.44.100 violates the commerce clause of the United States Constitution and if so, whether it can be rewritten. Based on the conclusion above that RCW 49.44.100 is preempted, discussion regarding the commerce clause is superfluous. Furthermore, courts will not reach constitutional issues when a case can be decided on other grounds. Pitzer v. Union Bank of California, 141 Wash.2d 539, 543, 9 P.3d 805 (2000) (citing State v. Smith, 104 Wash.2d 497, 505, 707 P.2d 1306 (1985)).

C. Alternative Grounds
Labor Ready suggests five alternative grounds exist to affirm: (1) RCW 49.44.100 violates the privileges and immunities clause of the United States Constitution, (2) it violates the right to free speech under the United States and Washington Constitutions, (3) it violates the equal protection clause of the United States and Washington Constitutions, (4) it is unenforceable under the doctrine of desuetude, and (5) it violates the due process clause of the United States and Washington Constitutions. In light of the trial court's refusal to address these issues and the above disposition, it is unnecessary to reach the Labor Ready's additional arguments. State v. Peterson, 133 Wash.2d 885, 894, 948 P.2d 381 (1997) (Talmadge, J., concurring). "`Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.'" Id. (quoting Manning v. Upjohn Co., 862 F.2d 545, 547 (5th Cir.1989)).

CONCLUSION
We hold the trial court did not err when deciding that RCW 49.44.100 is unenforceable as barred by federal preemption.
Affirmed.
SWEENEY, J., and SCHULTHEIS, J., concur.
NOTES
[1] An "economic strike" is one that does not involve allegations of unfair labor practices; rather, it is a tactic to force an employer to change its position during collective bargaining. Gerald A. McDonough, Federal Labor Law Preemption and Strikes: What Can State and Local Governments Do? 24 SUFFOLK U.L. REV. 117, 121-22 (1990).