[No. 22234-9-III. Division Three. June 22, 2006.]

THE STATE OF WASHINGTON, *Appellant*, v. IGNACIO M. QUINTERO MORELOS, *Respondent*.

592

*John D. Knodell, Prosecuting Attorney*, and *Teresa Chen, Deputy*, for appellant.

*Janet G. Gemberling* (of *Gemberling, Dooris & Ladich, P.S.*), for respondent.

*Magda R. Baker* and *Ann Benson* on behalf of the Washington Defender Association, amicus curiae.

¶1 SCHULTHEIS, J. — The day following sentencing, the judge decided to reduce the sentence by one day, which prevented the defendant's federal deportation, because defense counsel failed at the time of the original sentencing to inform the judge that the defendant was subject to deportation. The question presented is whether the judge had discretionary authority to set aside the judgment on the ground of neglect or carelessness of defense counsel. We conclude that he did and we affirm that exercise of discretion.

## FACTS

¶2 A jury found Ignacio Quintero Morelos guilty of fourth degree assault (domestic violence) for pushing a family member but acquitted him of a number of more serious charges. On June 23, 2003, the court sentenced Mr. Quintero Morelos to 365 days, with 330 days suspended for two years on good behavior. It converted 30 days of confinement to 240 hours of community service. Defense counsel did not object to the length of the sentence. He argued that Mr. Quintero Morelos should receive more credit for time served.

¶3 A second lawyer informed Mr. Quintero Morelos's counsel of the implications of such a sentence in an assault case: a sentence of 365 days prompts federal immigration authorities to begin deportation proceedings, while a sentence of even one day less, 364 days, does not.[1] The next day, June 24, Mr. Quintero Morelos moved to modify his sentence to 364 days to avoid deportation. The court readily agreed that the amendment was appropriate. The court reasoned:

> Well, the issue of whether it's 365 or 364 does not change the total time that he serves, it's just the total time that can be reimposed if he violates conditions.
>
> I can tell you in good conscience if I had known that that would make a difference, I would have imposed 364 days, because it doesn't change the number of days that he actually serves.

Report of Proceedings (June 30, 2003) at 18.

¶4 On July 1, the trial court entered an order amending the judgment and sentence to 364 days of jail confinement, with 330 days suspended for two years on good behavior. The State objected to the amendment and now appeals the judge's ruling.

## DISCUSSION

### a. CrR 7.8

¶5 The State contends the court abused its discretion because the superior court did not have discretion under CrR 7.8 to make the one-day adjustment to the sentence to avoid potential consequences under federal immigration law. "A motion to vacate a judgment is to be

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii) provides for deportation upon the conviction of an "aggravated felony," which 8 U.S.C. § 1101(a)(43)(F) defines as any crime of violence punishable by imprisonment of at least one year. Mr. Quintero Morelos's fourth degree assault conviction for the November 23, 2002 offense evidently triggered the federal statute. *See* RCW 9A.36.041 (fourth degree assault is a gross misdemeanor); RCW 9.92.020 (gross misdemeanors not fixed by statute are punishable for a period of not more than one year).

considered and decided by the trial court in the exercise of its discretion, and its decision should be overturned on appeal only if it plainly appears that it has abused that discretion." *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). That includes motions made under CrR 7.8. *State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d 228 (1997). A trial court abuses its discretion when it exercises discretion in a manner that is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997).

¶6 CrR 7.8(b)(1) allows the court to relieve a party from a final judgment on the basis of "excusable neglect . . . in obtaining a judgment or order." The rule does not provide a definition for excusable neglect. Whether and how a court rule is applied is a question of law, which we review de novo. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003). We apply standards of statutory construction to court rules and interpret them as if they were statutes. *In re Pers. Restraint of Stenson*, 153 Wn.2d 137, 146, 102 P.3d 151 (2004). If the language of a criminal rule is susceptible to more than one meaning, the rule of lenity requires that we strictly construe it against the State and in favor of the accused. *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984). The question of what constitutes excusable neglect under the rule is strictly construed against the State and in favor of Mr. Quintero Morelos.

¶7 This court observed in *Gomez-Florencio*, 88 Wn. App. at 258-59, that the criminal rule permitting correction of a judgment based on "excusable neglect" under CrR 7.8(b)(1) was adapted from the identical language found in CR 60(b). Therefore, civil cases interpreting that rule can guide the analysis of CrR 7.8(b)(1) issues. *Gomez-Florencio*, 88 Wn. App. at 259. Using a civil case, we held that what constitutes "excusable neglect" must be determined on a case-by-case basis. *Id.* (citing *City of Goldendale v. Graves*, 88 Wn.2d 417, 423, 562 P.2d 1272 (1977)). In *Gomez-Florencio*, we cited to civil cases holding that the incompetence or neglect of a party's own attorney is gener-

ally not sufficient grounds for relief from a judgment in a civil action. *Id.*; *see also Lane v. Brown & Haley*, 81 Wn. App. 102, 107, 912 P.2d 1040 (1996); *Winstone v. Winstone*, 40 Wash. 272, 274, 82 P. 268 (1905).

¶8 In *Winstone*, the Washington Supreme Court noted that in many jurisdictions, courts have refused under any circumstances to set aside a judgment on the sole ground of neglect or carelessness of an attorney. But the court decided against adopting so broad a doctrine in Washington because there might be circumstances of negligence by an attorney from which a court of equity, through its inherent power, would relieve litigants. Our Supreme Court emphasized that these questions must of necessity be so largely within the knowledge and discretion of the trial judge "that it must appear beyond a reasonable doubt to the appellate court that such discretion has been abused before the judgment of the trial court will be set aside." *Winstone*, 40 Wash. at 274. Defense counsel's failure to inform the trial court of Mr. Quintero Morelos's alien status is excusable neglect under the rule and constitutes negligence sufficient to raise the circumstances referred to in *Winstone*. Here the trial court reconsidered its sentence one day after its entry and, armed with information supplied by more experienced counsel, ordered an amendment to the sentence that had minimal practical impact on the State but had critical consequences to the defendant. We affirm the trial court's exercise of discretion.

¶9 The State relies on *Gomez-Florencio* for the proposition that CrR 7.8 does not empower the court to change a sentence under any circumstances. There, we held that the excusable neglect provision in CrR 7.8(b)(1) did not authorize the court to revisit the sentence. That case is easily distinguishable. In *Gomez-Florencio,* the *State* was trying to *increase* a sentence after it belatedly discovered additional criminal history. *Gomez-Florencio*, 88 Wn. App. at 259. But there the excusable neglect provision was not interpreted in the State's favor. Nor will it ever be. The rule of lenity has no comparable principle in favor of the State because the

State has no liberty deprivation at stake. *See In re Carson*, 84 Wn.2d 969, 973, 530 P.2d 331 (1975) (recognizing that criminal statutes are strictly construed against the State when they involve a deprivation of liberty). Moreover, the incompetence by one's own lawyer is very different when the one upon whom the incompetence is being visited is a criminal defendant. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (acknowledging that criminal defendants are entitled to effective assistance of counsel, while civil litigants generally are not).

¶10 The State argues that Mr. Quintero Morelos did not raise the excusable neglect or negligence of his counsel at the trial level. He is free to argue any ground supported by the record to sustain the trial court's order. *State v. Bobic*, 140 Wn.2d 250, 258, 996 P.2d 610 (2000). Moreover, the trial court implicitly held that the amendment was necessary to correct defense counsel's failure to provide information.

¶11 The State invites us to extend our holding in *State v. Cortez*, 73 Wn. App. 838, 871 P.2d 660 (1994). In *Cortez*, the defendant entered a guilty plea and signed a written plea form that told him he might be deported if he pleaded guilty. The trial court granted his subsequent motion to vacate his conviction and set aside his plea. We reinstated the judgment because the defendant "presented no evidence to indicate he did not understand the rights set forth in his plea agreement" as required to prevent the application of the one-year time bar for collateral attack. *Cortez*, 73 Wn. App. at 841. We then determined that no extraordinary circumstances existed to grant relief under CrR 7.8(b)(5). *Id.* at 841-42. Finally, we declined to affirm based on the archaic federal equity writ of audita querela.[2] *Id.* at 843. After noting that federal courts have declined to follow that doctrine on separation of powers grounds, we decided our

---

[2] "Audita querela is an old common law writ by which a defendant can obtain 'relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Cortez*, 73 Wn. App. at 842 (quoting 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE § 2867, at 235 (1973)).

court rules abolished review based on it. As defense counsel correctly pointed out at oral argument, *Cortez* is not relevant under the facts and argument presented.[3]

¶12 In light of our ruling, we do not reach Mr. Quintero Morelos's ineffective assistance of counsel claim on cross-appeal.[4]

### b. Supremacy Clause

¶13 The State contends the trial court's ruling violated the supremacy clause of the United States and Washington State Constitutions. U.S. CONST. art. VI, cl. 2; WASH. CONST. art. I, § 2. This contention is without merit.

¶14 Supremacy clause analysis " 'starts with the basic assumption that Congress did not intend to displace state law.' " *State v. Grimes*, 111 Wn. App. 544, 550-51, 46 P.3d 801 (2002) (internal quotation marks omitted) (quoting *Stevedoring Servs. of Am., Inc. v. Eggert*, 129 Wn.2d 17, 23-24, 914 P.2d 737 (1996)). The question of federal preemption is one we will review de novo. *State v. Labor Ready, Inc.*, 103 Wn. App. 775, 779, 14 P.3d 828 (2000).

¶15 State law is preempted if Congress passes a statute that expressly preempts it. Congress then occupies an entire field of regulation. State law that conflicts with federal law, making compliance with both an impossibility, or state law that presents an obstacle to accomplishing this federal purpose then violates the supremacy clause of the United States Constitution. *Grimes*, 111 Wn. App. at 550-51. There is a strong presumption against preemption, and state laws are not preempted in the absence of a clear and

---

[3] While addressing *Cortez* at oral argument, defense counsel conceded that CrR 7.8(a) did not apply, not that she did not rely on CrR 7.8(b)(1). In any event, we may affirm on any ground within the pleadings and the proof. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

[4] Mr. Quintero Morelos moved to supplement the record with an affidavit by his immigration attorney detailing his immigration status and the possibility of his deportation. The affidavit is not "needed to fairly resolve the issues on review," nor would it "probably change the decision being reviewed." RAP 9.11(a)(1), (2). We therefore deny the motion to supplement the record.

manifest congressional purpose. *Id*. A person challenging a statute must demonstrate its unconstitutionality beyond a reasonable doubt. *Id*; *City of Seattle v. Montana*, 129 Wn.2d 583, 589, 919 P.2d 1218 (1996).

¶16 Federal preemption under the supremacy clause applies to statutes, not court rulings. *See, e.g., Labor Ready*, 103 Wn. App. at 779. A supremacy clause challenge questions the statute's constitutionality. *See, e.g., id*. Matters historically within a state's police powers are not preempted by federal statute and are therefore constitutional, absent the clear and manifest intent of Congress. *Id*. (citing *Hue v. Farmboy Spray Co*., 127 Wn.2d 67, 78, 896 P.2d 682 (1995)).

¶17 We simply are not prepared to hold that a state sentencing judge exercising traditional sentencing discretionary authority runs afoul of the supremacy clause by imposing a sentence of one day less than a year to avoid the defendant's deportation by federal authorities. The judge here is not circumventing federal law. He is simply acknowledging the obvious: federal law has the potential to influence the actual punishment visited upon a criminal defendant in state court. *E.g., State v. Jamison*, 105 Wn. App. 572, 591, 20 P.3d 1010 (2001). State court judges often make decisions mindful of federal implications. *See, e.g., In re Marriage of Glass*, 67 Wn. App. 378, 391-92, 835 P.2d 1054 (1992) (considering adverse tax consequences when adjusting maintenance award).

¶18 We affirm this exercise of discretion.

SWEENEY, C.J., concurs.

¶19 BROWN, J. (dissenting) — The material facts are undisputed. One day after rejecting arguments for less time, the trial court vacated a final judgment to impose less time so Ignacio Quintero Morelos would not be deported. Applying CrR 7.8(b)(5) and *State v. Cortez*, 73 Wn. App. 838, 841-42, 871 P.2d 660 (1994), I would reverse.

¶20 In *Cortez*, in the same legal situation, we reasoned:

We find no extraordinary circumstances which warrant vacation of the judgment in this case and the interests of justice do not compel, or permit, vacation. There is no reason in law or policy which suggests that a conviction should be vacated for circumstances existing at the time the judgment is entered. Though, as noted by the trial judge, the conviction result seems "too harsh" as applied to Mr. Cortez, nevertheless it is a punishment specifically provided for under federal law.

*Cortez*, 73 Wn. App. at 842. *Cortez* is not distinguishable.

¶21 Mr. Quintero Morelos concedes his argument is based solely on CrR 7.8(b)(5) ("[a]ny other reason justifying relief"), the same ground asserted and rejected in *Cortez*. Before sentencing is final, a judge may discretionally consider and weigh all relevant factors but after final sentencing, principles of finality, consistency, and predictability must control. *Id*. at 841-42.

¶22 Mr. Quintero Morelos was represented by competent counsel who did advocate for a shorter sentence before the sentence became final. Under *Cortez*, his later argument should have been rejected because it was based upon "circumstances existing at the time [of] judgment." *Id*. at 842. Sound principles of consistency, predictability, and finality do not permit a judge to revisit a sentence every time the judge or the defendant has second thoughts or thinks of new arguments. *Id*. at 841-42. Thinking of a new argument after the final sentence does not support hindsight ineffective assistance of counsel claims or motions to vacate.

¶23 I would reach Mr. Quintero Morelos' cross-appeal claim of ineffective assistance of counsel. He must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Mr. Quintero Morelos shows neither. Trial counsel did not need to testify because P.F. (a minor) testified fully and was duly cross-examined. The uncalled witnesses are not alleged to have new or material evidence. Tactical decisions whether or not to argue immigration status do not

support ineffective assistance claims. I disagree with Mr. Quintero Morelos' proposition that his trial counsel was ineffective under the *Strickland* standard and current law for not arguing immigration grounds at a state court sentencing hearing.

¶24 In sum, consistent application of *Cortez* and CrR 7.8 require reversal. No legal distinction exists between Mr. Cortez and Mr. Quintero Morelos permitting the trial court to vacate the original sentence. Accordingly, I respectfully dissent.

Review denied at 159 Wn.2d 1018 (2007).