## IN RE RUDGER CLAWSON.

CRIMINAL LAW.—COMMUTATION OF SENTENCE.—Petitioner was imprisoned upon a sentence rendered in the year 1884. He applied to be released upon *habeas corpus* on the ground of a statute approved March 11, 1886, Laws of Utah, 1886, p. 6; *held*, that the right to discharge was controlled by statute in force at the time of sentence.

*Mr. Jabez G. Sutherland* and *Mr. James O. Broadhead*, for the petitioner.

*Mr. George S. Peters*, for the respondent.

BOREMAN, J.:

The petitioner is in prison on two charges—one being for polygamy, on which he was sentenced to three and a

half years in the penitentiary; and the other for unlaw-
ful cohabitation, on which he was sentenced to six months
in the penitentiary.   Both sentences were rendered on the
third day of November, 1884.   He claims to be entitled to
his discharge from imprisonment by reason of deductions
from his terms of imprisonment on account of good con-
duct.   This claim is based upon both territorial and
United States statutes.   The territorial statute is section 3
of "An act to lessen the terms of sentence of convicts
for good conduct," approved March 11, 1886, and found in
the Utah Laws of 1886, p. 6.   It is urged that this terri-
torial statute is applicable by reason of the provisions in
Rev. St. U. S., secs. 5543, 5544, and of 18 St. at Large,
p. 479; the latter being a substitute for the above-named
section 5543.   These sections of the United States statutes
provide that, where the territory has adopted any rules
for lessening the terms of service for good conduct, such
rules shall apply to United States prisoners.   That is
established as the general rule, therefore,. applicable to
United States prisoners.   The territorial rule or statute
which the petitioner asks to apply to his case was enacted.
subsequently to the day of sentence.   At the time of the
sentence there were territorial statutory rules upon the
subject; but the statutes then existing have been since re-
pealed, and the present ones adopted.

As we look at the matter, the sentences were rendered
in view of the rules then existing, and they thus, in effect,
became a part of each sentence.   Although such statutes
have been repealed by the legislature of the territory, the
acts of Congress referred to gave vitality to them, so far
as sentences rendered during their existence were con-
cerned.   If we should allow the act of the legislature
passed since the sentence to control, it in effect is to say
that the legislature can, after judgment, nullify the judg-
ment, and set the prisoner free.   If the legislature can re-
duce the sentence at all, subsequent to the sentence, it can
reduce it to an unlimited extent.   This would be encroach-
ing upon the authority of the executive, as it is the prov-
ince of the executive, and not of the legislature, to reprieve
or pardon.   It would also be allowing the legislature to in-

terfere with the judicial branch of the government, and to usurp its duties, and to make a sentence and judgment different from that entered in court. We are borne out in our view by the case of *Ex parte Darling*, 16 Nev., 98, and by the case of *Com.* v. *Johnson*, 42 Pa. St., 448.

The case of *State* v. *Peters*, 4 N. E. Rep., 81, was referred to as enunciating the contrary doctrine. The point was passed upon incidentally, but it was not necessary to a decision of the question in issue. That was not a case where the period of imprisonment was reduced by legislation subsequent to the sentence, but where, as a part of the prison regulations, the legislature, subsequent to the sentence, authorized the parol of the prisoner within certain enlarged limits. He still, however, was a prisoner, and subject to all the prison rules. The term of his sentence was not lessened, and the case was not analogous to the one at bar.

We do not think the prisoner is entitled to his discharge at present, as his right to a discharge is controlled by the territorial statutes in force at the time the sentences were rendered. He is therefore remanded to the custody of the United States marshal.

Zane, C. J., and Henderson, J., concurred.