## DUNBAR v. CRANOR.

### Misc. No. 297.

United States Court of Appeals
Ninth Circuit.
March 23, 1953.

Norman Dunbar, in pro. per.
No other appearances here entered.

DENMAN, Chief Judge.

Dunbar petitions for a second rehearing on his motion to me for a certificate of probable cause for appeal, which has twice previously been denied because of the failure to comply with certain procedural requirements. These requirements now having been met, I will proceed to consider the motion on its merits.

The appeal is from a judgment of the United States District Court for the Eastern District of Washington, Southern Division, dismissing Dunbar's petition for a writ of habeas corpus. The record indicates that the district court relied upon two grounds in dismissing the petition: (1) That Dunbar's complaint was against the Washington State Board of Prisons and Paroles and not against the Superintendent of the Washington State Penitentiary, respondent below, and that the district court had no power of supervision and control over the former; and (2) that the petition does not state facts sufficient to entitle Dunbar to relief.

█ █ The first ground relied upon by the district court was erroneous. Dunbar alleges directly that he is in the custody of the Superintendent and this allegation is not controverted by any thing in the record. The person having the physical custody of the prisoner, who is capable of bringing him into court, is the only person who may properly be named respondent in a petition for habeas corpus. Jones v. Biddle, 8 Cir., 131 F.2d 853, certiorari denied, 318 U.S. 784, 63 S.Ct. 856, 87 L.Ed. 1152, Id., 319 U. S. 780, 784, 63 S.Ct. 1027, 87 L.Ed. 1725; United States ex rel. Goodman v. Roberts, 2 Cir., 152 F.2d 841, certiorari denied, 328 U.S. 873, 66 S.Ct. 1377, 90 L.Ed. 1642.

█ The district court was correct in holding that the petition does not state facts sufficient to entitle Dunbar to relief. The petition alleges that Dunbar was convicted and sentenced by a Washington Superior Court and that the Board of Prison Terms and Paroles had set his sentence at seven years; that after serving that time, less good time credits, he was released; that he was subsequently arrested for violation of his parole without warrant and was remanded to the custody of the Superintendent by the Board without being given a hearing. For the parole violation the Board raised his term of imprisonment to ten years.

█ It is Dunbar's contention that, when the Board has once fixed the duration of a prisoner's sentence, the period thus fixed becomes the maximum term, and the Board is without authority to alter that term or to authorize the prisoner's detention beyond the expiration date of such period. This contention is without merit. In re Pierce v. Smith, 31 Wash.2d 52, 55, 195 P. 2d 112. Under Washington law, while the Board may discharge a prisoner from the confines of the prison prior to the expiration of the maximum term set by law, it does not have the authority to discharge a prisoner from *custodia legis* before the expiration of the maximum term so fixed. In re Scott v. Callahan, 39 Wash.2d 801, 239 P.2d 333.

█ Further inquiry by the federal courts into Dunbar's detention under the facts alleged is presented by the terms of Section 9.95.110 of the Revised Code of Washington. That section provides in part:

"The board of prison terms and paroles may establish rules and regulations under which a convicted person may be allowed to leave the confines of the penitentiary or the reformatory on parole, and may return such person to the confines of the institution from which he was paroled, *at its discretion*." (Emphasis supplied.)

It was in the exercise of this discretion that Dunbar was returned to confinement.

The certificate of probable cause is denied.