Phillip THOMPSON, Plaintiff,

v.

Marcell GRAHAM, Warden, Utah State Prison, Defendant.

No. C–179–55.

United States District Court
D. Utah, Central Division.

Feb. 9, 1956.

Royce G. Hulsey, Salt Lake City, for plaintiff.

E. R. Callister, Jr., Atty. Gen. of the State of Utah, Walter L. Budge, Asst. Atty. Gen. of the State of Utah, for defendant.

CHRISTENSON, District Judge.

Phillip Thompson, an inmate of the Utah State Prison under sentence for second degree murder, has filed an unverified petition for a writ of habeas corpus. He alleges in effect that if he were allowed credit for good time in accordance with the state statute as it existed at the time of his sentence, 67–0–11, Comp.Laws Utah, 1943, his term already would have expired, but that the state authorities refuse to recognize this statute in view of its repeal subsequent to sentence. The present statute on good time, 77–62–10, Utah Code Annotated 1953, is less advantageous to him, and even though fully given effect would not entitle him to a release at the present time. The petitioner contends that the present statute is being given an ex post facto application as to him; that it was on the basis of the old statute that he entered his plea of guilty in the first instance, and that he is being deprived of his liberty without due process.

The respondent has moved to quash the petition on the grounds (1) that the petitioner has failed to exhaust his state remedies through application to the Supreme Court of the United States for certiorari; and (2) upon the further ground that the petition shows upon its face that no right of the petitioner under the state or federal constitution has been violated.

▬ Whether the old good-time law was a part of the original sentence; whether apparently conflicting interpretations of these or similar statutes by the state court have constitutional implications or involve merely the administration of state criminal law with which federal courts will not interfere by habeas corpus; whether the petitioner is in better position to complain than if his sentence originally had been indeterminate rather than for a definite period; whether the granting of good time on whatever basis is held to apply is purely discretionary on the part of the State Board of Pardons; or whether absent violation of prison rules, particularly in the case of specific sentence, good time

must be allowed; in any event, whether the state is actually seeking to apply the new good-time provision to petitioner, and if so, whether he is suffering prejudice by being eliminated from consideration for the more favorable good-time allowance on the old basis, and whether any such application would be ex post facto as to him – these are questions which, either separately or in combination, may raise an issue involving the constitutional rights of the petitioner. The possibility of such an issue should not be summarily rejected without the opportunity for further showing. 67–0–11, Comp.Laws Utah, 1943; 77–62–10, Utah Code Annotated, 1953; 103–28–4, Comp.Laws Utah, 1943 (now 76–30–4, Utah Code Annotated, 1953); Constitution of the United States, Art. I, § 10; Ex parte Clawson, 5 Utah 358, 15 P. 328; Connors v. Pratt, 38 Utah 258, 112 P. 399; Cardisco v. Davis, 91 Utah 323, 64 P.2d 216; McCoy v. Harris, 108 Utah 407, 160 P.2d 721; In re Murphy, C.C.D.Mass.1898, 87 F. 549; Lindsey v. State of Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182; Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270; Cranor v. Gonzales, 9 Cir., 1955, 226 F.2d 83; Dunbar v. Cranor, 9 Cir., 1953, 202 F.2d 949; Milliken v. McCauley, D.C.E.D.Wash.S.D.1937, 20 F. Supp. 202, affirmed 9 Cir., 93 F.2d 645; People of United States ex rel. Umbenhowar v. McDonnell, D.C.N.D.Ill.E.D. 1934, 11 F.Supp. 1014.

▬ In quashing the petition, which I feel compelled to do at this time, I am not ruling on these questions, nor upon the ultimate issue mentioned. Neither am I rejecting the petition because it is not verified. This is a matter that could be readily corrected even at this date if the interest of justice required. I mention these matters in compliance with an admonition in Price v. Johnston, 334 U.S. 266, 293, 68 S.Ct. 1049, 1064, 92 L.Ed. 1356, to make clear what issues are, and are not, determined, and for what reasons, so that petitioner may avoid repeated applications with the same infirmities, but yet may not be pre-

cluded from future consideration of undecided questions. My present ruling is predicated upon 28 U.S.C.A. § 2254, and upon controlling decisions of the Supreme Court of the United States. In the absence of extraordinary circumstances, an essential for the exhaustion of state remedies is an application for certiorari to the Supreme Court of the United States. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. No showing is made of such extraordinary circumstances of the nature invoked in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, to excuse full compliance with the general rule.

Motion to quash the petition is hereby granted on the first ground stated in such motion, but without prejudice to a further application upon petition duly verified, showing the exhaustion of state remedies and such other facts as may indicate an issue within the jurisdiction of this court.