[Nos. 17437-9-III; 17798-0-III.    Division Three.    August 12, 1999.]
*In the Matter of the Personal Restraint of* PAUL J.
BECKER, *Petitioner.*

THE CITY OF SPOKANE, ET AL., *Appellants*, v. PAUL J.
BECKER, *Respondent.*

*James C. Sloane, City Attorney*, and *Patricia M. Walker, Assistant*, for appellants.

*Charles S. Dorn*, for respondent.

SWEENEY, J. — A person may prosecute a writ of habeas corpus in the superior court to challenge the lawfulness of government restraint. RCW 7.36.010. But the petitioner must affirmatively show he/she filed the petition within the one-year statute of limitations of RCW 10.73.090. RCW 7.36.130(1); *Shumway v. Payne*, 136 Wn.2d 383, 399-400, 964 P.2d 349 (1998).

Paul Becker pleaded guilty to driving while under the influence. The district court entered judgment on May 22, 1996. Mr. Becker moved to withdraw his plea. The district court denied his motion. He then appealed to the superior court.

The superior court dismissed his appeal for abandonment. Mr. Becker petitioned the superior court for and was granted a writ of habeas corpus on January 28, 1998. The court vacated his conviction.

The question here is whether the superior court improvidently granted the writ of habeas corpus because it was filed after the one-year statutory time limit. RCW 10.73.090.

We conclude it did. We vacate the writ and reinstate Mr. Becker's conviction.

## FACTS

On February 27, 1996, Mr. Becker pleaded guilty to one charge of driving while under the influence (DUI) in district court. The court entered a judgment of guilty on May 22, 1996. That same day Mr. Becker moved to withdraw his guilty plea and vacate the judgment because he was denied counsel. The district court denied Mr. Becker's motion. Mr. Becker appealed to the Spokane County Superior Court on March 4, 1997. The court dismissed the appeal for abandonment on May 29, 1997.

Mr. Becker petitioned the Spokane County Superior Court for a writ of habeas corpus on January 28, 1998. He alleged he was denied counsel during the DUI proceeding. The City of Spokane did not make a return on the writ. RCW 7.36.090-.100. It moved instead to dismiss the petition and filed a memorandum of authorities. The City argued that Mr. Becker had merely substituted the habeas petition for an appeal.

The court concluded that Mr. Becker was illegally restrained, granted the writ, and vacated his DUI conviction. The City filed a CR 60(b)[1] motion for stay and relief from the court's order. It argued, among other things, that the writ was time barred. The court agreed with the City but denied the motion anyway because it concluded that the City advanced an untimely, new argument in its motion.

The City appeals both the superior court's grant of the writ of habeas corpus (No. 17437-9-III) and the denial of its motion for stay and relief from the order issuing the

[1]CR 60(b) allows for relief from a final judgment, order, or proceeding due to, among other reasons, "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b)" or a void judgment. CR 60(b)(3) and (5).

writ of habeas corpus and vacating Mr. Becker's conviction (No. 17798-0-III).

## DISCUSSION

■ **Writ of Habeas Corpus.** The propriety of the writ is a question of law which we review de novo. *See In re Russell,* 54 Wn.2d 882, 884-85, 344 P.2d 507 (1959).

Every person who is restrained may prosecute a writ of habeas corpus in the superior court to challenge the lawfulness of the restraint. RCW 7.36.010; 13 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 4901 (2d ed. 1997). If the superior court finds the restraint illegal, the petitioner must be released. RCW 7.36.010; FERGUSON, *supra,* at § 4903.

■ A petitioner must, however, meet the threshold burden of showing that the petition was "filed within the time allowed by RCW 10.73.090 and 10.73.100." RCW 7.36.130(1); *Shumway,* 136 Wn.2d at 399-400. RCW 10.73.090 imposes a one-year time limit on any collateral attack of a judgment. *In re Personal Restraint of Benn,* 134 Wn.2d 868, 922, 952 P.2d 116 (1998); *In re Personal Restraint of Runyan,* 121 Wn.2d 432, 443-47, 853 P.2d 424 (1993); *State v. Olivera-Avila,* 89 Wn. App. 313, 320, 322, 949 P.2d 824 (1997).

"Collateral attack" requests postconviction relief other than by direct appeal. It includes "a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment." RCW 10.73.090(2). A judgment is final when the superior court clerk files the judgment or an appellate court issues a mandate disposing of a direct appeal from the conviction, whichever occurs last. RCW 10.73.090(3)(a), (b).

The time limit in RCW 10.73.090 encourages prompt collateral attacks and controls the flow of postconviction collateral relief petitions. *In re Personal Restraint of Vehlewald,* 92 Wn. App. 197, 203, 963 P.2d 903 (1998); *Olivera-*

*Avila*, 89 Wn. App. at 322. This is important because collateral relief undermines finality "and sometimes costs society the right to punish admitted offenders[.]" *Shumway*, 136 Wn.2d at 399 (quoting *In re Personal Restraint of Cook*, 114 Wn.2d 802, 809, 792 P.2d 506 (1990)); *Runyan*, 121 Wn.2d at 449.

Mr. Becker was convicted and sentenced on February 27, 1996, following his plea of guilty to DUI. He did not appeal. The court entered the judgment on May 22, 1996; it was therefore final on May 22, 1996. RCW 10.73.090(3)(a).

Mr. Becker filed his petition for a writ of habeas corpus on January 28, 1998, well past the one-year time limit imposed by RCW 10.73.090(1). He cannot therefore show that his collateral attack was timely.

Mr. Becker argues that the court properly granted the writ because the City failed to make the return on the writ required by RCW 7.36.100. Mr. Becker's attorney noted below the City's failure to file a return. But then he stipulated, or, at least, expressed a willingness to stipulate, that the memorandum of authorities filed by the City was the return. Report of Proceedings at 4-5.

Mr. Becker does not show he was prejudiced by the lack of a return on the writ. *Benn*, 134 Wn.2d at 914 n.12 (to prevail on collateral attack, defendant must show prejudice from constitutional error). This procedural error is therefore harmless. *See State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977). And, as we conclude, Mr. Becker must first affirmatively show that the petition was timely. RCW 7.36.130(1); *Shumway*, 136 Wn.2d at 399-400.

Mr. Becker next notes that habeas corpus proceedings are civil. He argues then that the City waived the statute of limitations defense because it failed to affirmatively plead the defense.

A writ of habeas corpus is a civil action for the enforcement of the right to personal liberty. *Honore v. Board of Prison Terms & Paroles*, 77 Wn.2d 660, 663-64, 466 P.2d 485 (1970); *Hystad v. Rhay*, 12 Wn. App. 872, 879 n.14, 533 P.2d 409, *review denied*, 85 Wn.2d 1009 (1975). And so a

writ of habeas corpus is generally subject to the rules governing civil proceedings. *Summers v. Rhay*, 67 Wn.2d 898, 902, 410 P.2d 608 (1966) (citing cases), *modified on other grounds by Honore*, 77 Wn.2d at 664, 677.

The form of return on the writ is specified in the statute. RCW 7.36.100. The return must state the authority or cause of the restraint. If the custody of the petitioner has been transferred to another, the return must state the person to whom the transfer was made, and the time, place, and cause of the transfer. Significantly for us, the return does not require that the government assert traditional, civil affirmative defenses. RCW 7.36.100. And appropriately so. Mr. Becker must make a threshold showing that he filed his petition within one-year after his judgment was final. RCW 7.36.130(1); *Shumway*, 136 Wn.2d at 399-400.

■■ Mr. Becker finally contends that the superior court properly issued the writ because the district court failed to advise him of the one-year limitation on collateral attacks required by RCW 10.73.110. The court did not advise Mr. Becker of the one-year limitation.

The problem here is that the court rule, CrRLJ 7.2(b), does not require the court to inform a defendant of the one-year limitation *if the defendant pleads guilty*. The statute, RCW 10.73.110, on the other hand, does require that the defendant be advised of the limitation.

So the question is whether the court rule prevails over the statute. If it does, the district court properly skipped the advice of the one-year limitation on collateral attack. That question turns on whether the advice requirement is procedural or substantive.

Where a statute addresses substantive rights, the statute supersedes any contrary court rule. *In re Personal Restraint of Johnson*, 131 Wn.2d 558, 563-65, 933 P.2d 1019 (1997). The advice of the one-year limitation here is mechanical. *State v. Smith*, 84 Wn.2d 498, 502, 527 P.2d 674 (1974). Recently in *State v. Williams*, our Supreme Court held that the advice of rights like this one is procedural. *State v. Williams*, 137 Wn.2d 746, 975 P.2d 963 (1999) (examining CrR

3.5). The *Williams* court noted the basic purpose of rules requiring the advice of rights like this is to provide uniform procedures to guide the actions of the trial court, and not to provide substantive rights. *See id.* at 750-54. The matter is therefore procedural. And the court rule governs over the statute. *Johnson*, 131 Wn.2d at 563-65. The court did not err in failing to advise Mr. Becker of the one-year limitation.

Mr. Becker relies on *In re Personal Restraint of Vega* for the proposition he was not bound by the one-year limitation because the court did not advise him of the requirement. *In re Personal Restraint of Vega*, 118 Wn.2d 449, 823 P.2d 1111 (1992). The court in *Vega* interpreted RCW 10.73.120. RCW 10.73.120 requires that the Department of Corrections attempt to advise a statutorily designated class of people of the one-year time frame. The designated class included only those people "serving a term of incarceration, probation, parole, or community supervision" on July 23, 1989, as a result of a felony. RCW 10.73.120. This statutorily designated class does not include Mr. Becker. And *Vega* is therefore not applicable. *In re Personal Restraint of Well*, 133 Wn.2d 433, 443-44, 946 P.2d 750 (1997) (refusing to extend *Vega* because the petitioner did not fall within the statutorily designated class).

We vacate the writ of habeas corpus and reverse the court's order vacating Mr. Becker's conviction.

KURTZ, A.C.J., and KATO, J., concur.

Reconsideration denied September 15, 1999.

Review granted at 140 Wn.2d 1005 (2000).