[No. 26733-1-II.   Division Two.   July 19, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK R. DALLMAN, *Appellant*.

*Patricia A. Pethick*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

QUINN-BRINTNALL, A.C.J. — On August 21, 1997, Mark Dallman pleaded guilty to one count of first degree child rape. After the court refused to impose a special sexual offender sentencing alternative, Dallman filed numerous procedural motions, including a Petition for Writ of Habeas Corpus.[1] On October 30, 2000, the trial court summarily reviewed and dismissed all of Dallman's actions. Dallman appeals. We hold that the trial court had the authority to

---

[1] Dallman also filed two Personal Restraint Petitions with this court. *See* Order Dismissing Pet. No. 23900-1-II (Mar. 11, 1999); Order Dismissing Pet. No. 24873-5-II (Feb. 2, 2000).

review Dallman's challenges summarily, that his habeas corpus petition was not perfected, and all claims were properly dismissed. Thus, we affirm.

## FACTS

On March 20, 1997, the State charged Dallman with first degree child rape and first degree child molestation. By agreement, Dallman pleaded guilty on August 21, 1997, to an amended information charging only first degree child rape. After questioning the appellant, the court determined that Dallman's plea was "knowingly, intelligently and voluntarily made." Report of Proceedings (Aug. 21, 1997) at 11. Dallman does not dispute the facts underlying the charge.

As part of the plea agreement, the prosecutor recommended a special sexual offender sentencing alternative (SSOSA). Following the sentencing hearing at which Dallman's wife and therapists testified, the judge declined to follow the SSOSA recommendation, citing Dallman's long history of sexually abusing the victim and evidence that none of his current mental health providers were aware of what was happening. The trial court articulated three additional reasons for the decision: (1) he continued to live near children, (2) he had limited interpersonal contacts and resources, and (3) he failed to accept responsibility for his actions. The court imposed a 90-month sentence.

At the sentencing hearing, Dallman acknowledged that he understood the time limits for collaterally attacking the judgment. The trial court advised: "Mr. Dallman, you understand that you have a year under the specified circumstances to challenge the sentence entered today. Be sure to read the advice of collateral attack, a copy of which you have received." Report of Proceedings (Sept. 8, 1997) at 74. He answered affirmatively. Dallman did not appeal, but he filed a Personal Restraint Petition (PRP) with this court more than a year later, on October 26, 1998.

On March 11, 1999, this court dismissed Dallman's first PRP because evidence did not support Dallman's allegations.[2]

On August 12, 1999, the Washington Supreme Court issued a Ruling Denying Motion for Extension of Time to review the order dismissing his PRP. The commissioner's ruling reads, "[F]or both procedural and substantive reasons, the [Court of Appeals] Chief Judge did not err in dismissing Mr. Dallman's personal restraint petition." Clerk's Papers at 161.

On September 17, 1999, while his second PRP was pending,[3] Dallman filed a motion to withdraw his guilty plea in the Pierce County Superior Court.

In his second PRP, Dallman claimed that his mental incompetency was "newly discovered" and, therefore, exempt from the one-year limitation for filing. But this court dismissed because Dallman raised that issue in his first petition.

From May 22 to October 30, 2000, Dallman filed several additional motions in the superior court, including a Petition for Writ of Habeas Corpus. The trial court denied all the motions without hearing or comment on October 30, 2000.

On December 7, 2000, Dallman appealed the dismissal order.[4] On January 3, 2001, Dallman filed a Motion for Reconsideration in the trial court. The trial court issued an "Order Granting Defendant's Motion for Reconsideration and AMENDED Order Denying Post Plea and Sentencing Motions But Granting Finding of Indigency" on January 8,

---

[2] Dallman alleged that his counsel was ineffective, that his plea was involuntary because he was mentally incompetent at the time of entry, and that the trial court abused its discretion by declining the SSOSA sentence.

[3] Dallman filed a second PRP on July 19, 1999.

[4] The State does not challenge the timeliness of Dallman's appeal. Dallman filed his notice of appeal more than 30 days after the order of dismissal. He then filed an untimely motion to reconsider which the court considered on its merits and arguably rendered his first notice premature. RAP 5.2(g) (premature notice deemed filed day after order).

2001. Clerk's Papers at 143-44. Then it appointed appellate counsel and notified the State, through the Pierce County Prosecuting Attorney's office, of Dallman's claims. The State responded to his appeal.

Dallman now argues that the trial court lacks authority to dismiss his various motions and the Petition for Writ of Habeas Corpus without a hearing on the merits.

## ANALYSIS

POSTCONVICTION MOTIONS

The trial court summarily dismissed Dallman's three postconviction motions: (1) Motion to Withdraw Guilty Plea (October [sic] 1999);[5] (2) Petition to Redress Grievance (May 2000); and (3) Motion to Set Aside Judgment and Indictment (June 2000). Dallman asserts that whenever a defendant files a postconviction motion, the trial court must notify the State and hold a hearing on the merits. We disagree.

■ CrR 7.8(c) governs all three motions to vacate judgment. The court may deny such a motion without a hearing if the facts alleged in the supporting affidavit do not establish grounds for relief or, upon finding that it would serve the ends of justice, the court may transfer the matter to the Court of Appeals for consideration as a personal restraint petition. CrR 7.8(c)(2).

Postconviction motions must be made within the time limits set forth in CrR 7.8(b) and RCW 10.73.090, .100, and .130. If the trial court finds that the affidavit in support of a timely motion establishes grounds for relief, it "shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." CrR 7.8(c)(2).

Here, Dallman's posttrial motions were untimely, unperfected, and unsupported by sufficient affidavits. Summary dismissal was proper. CrR 7.8(c); *State v. Winston*, 105 Wn.

---

[5] Motion to withdraw guilty plea actually filed in September, 1999.

App. 318, 323, 19 P.3d 495 (2001). *See also State v. Avery*, 103 Wn. App. 527, 537, 13 P.3d 226 (2000) (appellate court can affirm the trial court's decision on any grounds).

HABEAS CORPUS

■ The propriety of the writ of habeas corpus is a question of law that we review de novo. *In re Pers. Restraint of Becker*, 96 Wn. App. 902, 905, 982 P.2d 639 (1999), *aff'd*, 143 Wn.2d 491 (2001).

■ Superior courts and their judges shall have the power to issue writs of habeas corpus on petition by or on behalf of any person in actual custody in their respective counties.[6] WASH. CONST. art. IV, § 6 (amend. 65). "Every person restrained of his liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." RCW 7.36.010. As discussed above, the superior court may deny a motion for relief from judgment without a hearing if the facts alleged in the affidavits do not establish grounds for relief. CrR 7.8(c)(2). CrR 7.8(c)(2) applies to habeas corpus petitions filed in superior court, "if not directly then by analogy." *Toliver v. Olsen*, 109 Wn.2d 607, 613, 746 P.2d 809 (1987).

Dallman argues that because the habeas corpus statute, chapter 7.36 RCW, allows for a response from the State and a hearing, it requires such action for his petition. But Dallman's petition was neither properly filed nor served on the State. It was not perfected.[7]

---

[6] We note that because Dallman was incarcerated at McNeil Island Corrections Center, it was appropriate to raise this issue in Pierce County Superior Court.

[7] Dallman's petition was not noted properly because it came to this court under the original criminal case number. Habeas corpus petitions are civil matters and should be filed under a separate case number. This ensures that the trial court examines the petition, not the details or facts of the underlying criminal action, in determining whether the petition presents a prima facie claim of unlawful detention. *See Palmer v. Cranor*, 45 Wn.2d 278, 279, 273 P.2d 985 (1954) (it is immaterial whether the prisoner is guilty of the underlying offense; the purpose of habeas corpus proceeding is to ascertain whether petitioner is restrained of his liberty by due process of law). Furthermore, on its face, the petition must meet a threshold showing of sufficient evidence warranting review. " 'If a petitioner fails to meet the threshold burden of showing actual prejudice arising from constitu-

■ In order to perfect a habeas corpus petition, the petitioner must properly note the petition with the trial court and give notice to the respondent. *See* RCW 7.36.050 ("The writ shall be directed to the officer or party having the person under restraint . . . ."). Because Dallman was detained by the Washington State Department of Corrections, the proper respondent to his habeas corpus petition was the Attorney General's Office of the State of Washington, not the Pierce County Prosecutor's Office. *See Dunbar v. Cranor*, 202 F.2d 949, 950 (9th Cir. 1953) (the person capable of bringing the party into court is the only person who may be properly named as the respondent in a habeas corpus proceeding).

■ In this case, there is no proof that Dallman ever served the petition. There is no affidavit. Nor is there an indication of service in any form in this court's file. Dallman did not serve the Attorney General's Office or any other representative of the State and his petition was not perfected for the trial court's review.

But the trial court did review the petition and properly treated it as a successive collateral attack barred under RCW 10.73.140. *See In re Pers. Restraint of Becker*, 143 Wn.2d 491, 496, 20 P.3d 409 (2001) (*"[s]ummary dismissal* is appropriate under RCW 10.73.140 where petitioner has previously filed a personal restraint petition . . . .") (emphasis added). *See also State v. Hurt*, 107 Wn. App. 816, 825, 27 P.3d 1276 (2001) (Washington courts have generally strictly construed grounds for collateral attacks in light of the legislative intent to control the flow of postconviction collateral relief petitions; the only exceptions to the statute of limitations are specified by statute).

---

tional error [or, if nonconstitutional error, by showing of manifest injustice], the petition must be dismissed.' " *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 364, 759 P.2d 436 (1988) (quoting *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983)). *See also* RCW 7.36.120 ("The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint or for the continuation thereof, shall discharge the party.").

We hold that at least two grounds support the trial court's summary dismissal of Dallman's habeas corpus petition. First, the petition was never perfected and second, it was an impermissible collateral attack barred by RCW 10.73.140. Thus, we do not accept Dallman's argument that the mere filing of the habeas corpus petition requires a full hearing and response by the State. To do so would require all correctional facilities to transport the inmate to a hearing without regard to the merits of the petition.

We also do not hold that the State is required to submit a memorandum in response to the petition. First, we do not read RCW 7.36.100 as requiring a memorandum when it states the person must submit the "cause of the restraint." Moreover, although a more detailed response would be useful, in many instances a certified copy of the judgment and sentence fulfills the statutory requirements.

The trial court properly exercised its authority under CrR 7.8(c)(2) when it summarily dismissed Dallman's posttrial motions and habeas corpus petition. We affirm.

SEINFELD and HOUGHTON, JJ., concur.

Review denied at 148 Wn.2d 1022 (2003).