IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAHRIA WILLIAMS, | No. 88521-9-I |
| Petitioner, | DIVISION ONE |
| v. | |
| SKAGIT COUNTY, by and through DAVID NEWSOM, Skagit County Prosecutor, and JUDGE PAUL NIELSEN, Skagit County District Court, | UNPUBLISHED OPINION |
| Respondents. | |

SMITH, J. — Mahria Williams appeals the superior court's order denying her petition for habeas relief from a district court order requiring her to undergo competency restoration in her misdemeanor cases. She argues that her restraint is unlawful because the district court ordered her to undergo competency restoration without proof of a compelling state interest. We conclude that a preponderance of the evidence supports a finding that a compelling state interest exists to order competency restoration. We therefore affirm the superior court's denial of Williams's petition for a writ of habeas corpus.

FACTS

The State charged Mahria Williams with driving under the influence (DUI) and domestic violence assault in the fourth degree, both misdemeanors. The district court ordered Williams to undergo a competency evaluation. On May 5,

2025, an evaluator reported that Williams did not have the capacity to understand the nature of the proceedings or assist in her defense, but a reasonable likelihood existed that her competency could be restored.  On June 4, 2025, Williams was ordered to undergo inpatient competency restoration in a pending unrelated felony matter.

At a district court hearing on July 2, 2025, the State asked the court to order Williams to undergo competency restoration on the misdemeanor charges. The State argued that her misdemeanor charges "automatic[ally]" constituted a compelling state interest authorizing competency restoration and that the State could not refile the charges if dismissed for lack of competency.  Williams opposed restoration and asked the court to dismiss the charges based on lack of competency.  Williams pointed out that the State must prove a compelling state interest for the court to order competency restoration and that the statutory default for nonfelony serious offenses is dismissal without prejudice, so the State could refile the charges if her felony restoration proved unsuccessful.

At the conclusion of the hearing, the district court referenced the probable cause declarations and stated, "we have an Assault 4 Domestic Violence and a DUI" so "I think there is a compelling state interest."  The district court also noted that the DUI probable cause declaration indicated Williams's blood alcohol content (BAC) was measured at "a 144 and a 168 [sic]," which the court considered "fairly high."  In its written order, the district court expressly found a compelling state interest by a preponderance of the evidence and ordered

2

Williams to undergo 29 days of inpatient restoration treatment under former RCW 10.77.088 (2024) (recodified as RCW 10.77.650).[1]

Williams petitioned for a writ of habeas corpus in the superior court, challenging the lawfulness of the inpatient competency restoration order. Williams argued that the State misstated the law at the district court hearing and presented no evidence that it had a compelling interest in restoration. Williams also argued that the district court's reference to the evidence of probable cause declarations and the "fairly high" blood alcohol level were insufficient to demonstrate a compelling state interest for competency restoration. Williams asked the superior court to vacate the order for inpatient restoration and either dismiss the charges or remand for a full hearing. In response, the State argued that the competency restoration order was "legal and valid" because the district court properly found a compelling state interest based on "the quality and severity of the pending charges" as described in the probable cause affidavits. The State also argued that the prosecutor's "inadvertent misstatement" of the law at the hearing did not invalidate the district court's findings.

On July 22, 2025, following a hearing, the superior court denied the petition and ruled that the district court "made a sufficient finding [of] . . . compelling state interest for [competency] restoration" and that the competency order was "legal and valid."

Williams moved for discretionary review of the superior court's order denying her habeas petition. A commissioner of this court ruled that this court

---

[1] LAWS OF 2025, ch. 358, § 2 (effective July 27, 2025).

will treat the notice as a notice of appeal and granted Williams's request for accelerated review.

DISCUSSION

*Habeas Corpus Review*

"A writ of habeas corpus is a civil action for the enforcement of the right to personal liberty." *In re Pers. Restraint of Becker*, 96 Wn. App. 902, 906, 982 P.2d 639 (1999). Under RCW 7.36.010, "[e]very person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." The "purpose of judicial review of restraint," including habeas review, "is to protect against governmental oppression and power exercised without law." *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 214, 227 P.3d 285 (2010). We review de novo the superior court's decision whether to grant a writ of habeas corpus. *State v. Dallman*, 112 Wn. App. 578, 583, 50 P.3d 274 (2002).

As a preliminary matter, the parties disagree as to the substantive scope of habeas corpus review. The State contends that Williams is not entitled to appellate review of the district court's compelling interest finding via a writ of habeas corpus, so the only question is whether Williams "proved the district court did something altogether 'illegal.' " Williams asserts that habeas relief is a proper mechanism for challenging an unlawful competency order and that this court can and must consider the district court's analysis and findings in determining whether its decision to order restoration was authorized by the evidence before it and the controlling law.

4

"Traditionally, the writ of habeas corpus could not be used to attack even an erroneous judgment, unless that judgment was void for lack of jurisdiction." *In re Pers. Restraint of Runyan*, 121 Wn.2d 432, 441, 853 P.2d 424 (1993). "However, by case law, court rule, and ultimately, by statute, consideration of collateral challenges expanded." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 129, 267 P.3d 324 (2011). Today, RCW 7.36.130(1) permits courts to review a writ of habeas corpus alleging "that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated." *See Woods v. Burton*, 8 Wn. App. 13, 15, 503 P.2d 1079 (1972) (noting that a writ of habeas corpus "may be utilized to secure relief from any restraint which violates basic and fundamental freedoms" and "should not be restricted to a determination of the legality of detention."); *Holt v. Morris*, 84 Wn.2d 841, 843, 529 P.2d 1081 (1974) ("the ambit of habeas corpus procedure" has been "enhance[d]" "substantially beyond the pre-existent traditional limitations.") (overruled on other grounds by *Wright v. Morris*, 85 Wn.2d 899, 540 P.2d 893 (1975)).

It is well established that habeas corpus is not a substitute for an appeal from a criminal conviction. *See In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982) (" 'The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice' " (quoting *United States v. Addonizio*, 442 U.S. 178, 184, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979)). Issuance of a writ of habeas corpus cannot result in dismissal of the charges. *Weiss v. Thompson*, 120 Wn. App. 402, 407,

85 P.3d 944 (2004). But this case involves a petition for habeas relief from a pretrial competency restoration order, not a postconviction collateral attack on a judgment and sentence.

Our Supreme Court's decision in *Born v. Thompson* is instructive. Born was charged with a misdemeanor and found incompetent to stand trial. 154 Wn.2d 749, 751-52, 117 P.3d 1098 (2005). The district court determined that the charge involved a violent act and ordered competency restoration. *Born, 154 Wn.2d* at 752. Born filed a habeas corpus petition in superior court, arguing that the State had not proved that the facts in the police report supported the district court's determination that the crime involved a violent act. *Id.* at 753. The superior court denied the petition and Born appealed. *Id*. at 753. Our Supreme Court held that the facts in the police incident report did not provide clear and convincing evidence that Born's actions constituted a violent act, as required for competency restoration. *Id*. at 767-68. Consequently, the court remanded to the superior court to grant the petition for habeas corpus to the extent of vacating its finding of a violent act. *Id.* at 769.

This court followed a similar approach in *Butler v. Kato*, 137 Wn. App. 515, 154 P.3d 259, 261 (2007). Butler was charged with DUI and the district court imposed pretrial release conditions. *Butler*, 137 Wn. App. at 520. Butler challenged two of the conditions by writ of habeas corpus, arguing that they were not authorized by court rules and violated his constitutional rights. *Id.* at 520. The superior court denied the writ and Butler appealed. *Id.* at 520. This court recognized that "the writ of habeas corpus is an original action" wherein "[t]he

6

petitioner does not seek review of another court's decision, but rather sets forth allegations detailing the unlawfulness of detention." *Id.* at 520-21. It reviewed the case de novo, identifying and considering the evidence and analysis "[t]he district court appear[ed] to have based its decision [on]," including Butler's arrest record and the accompanying police reports. *Id.* at 521, 522-23, 528. After concluding that "nothing in Butler's record, other than the facts surrounding his arrest" supported the State's assertions" and that "[t]he State's arguments do not outweigh the risk of erroneous deprivation of Butler's constitutional rights," this court reversed and remanded the superior court's denial of habeas corpus relief. *Id.* at 528-29, 532.

Here, Williams is restrained under the district court's competency restoration order. *See Weiss v. Thompson*, 120 Wn. App. 402, 407, 85 P.3d 944 (2004) ("Incapacitated criminal defendants have liberty interests in freedom."); *Born*, 154 Wn.2d at 766 (a person ordered to undergo competency restoration is "sufficiently under present restraint to seek habeas relief" from the restoration order by a higher court). Her petition for writ of habeas corpus alleged that the district court unlawfully ordered her to 29 days of inpatient restoration in violation of former RCW 10.77.088. In determining whether the superior court erred in denying habeas relief, we will not conduct a review for errors in the district court's reasoning. Instead, we review de novo whether the evidence presented by the State supports a compelling state interest to order competency restoration.

7

*Compelling State Interest*

Williams contends the district court erroneously ordered her to undergo competency restoration for misdemeanors without requiring the prosecutor to prove a compelling state interest and that the superior court erred in refusing to deliver her from this unlawful restraint.  We disagree.

"Chapter 10.77 RCW governs the procedures and standards trial courts use to judge the competency of defendants to stand trial."  *State v. Coley*, 180 Wn.2d 543, 551, 326 P.3d 702 (2014).  Where a defendant facing a nonfelony charge defined as a "serious" offense under former RCW 10.77.092 (recodified as RCW 10.77.665) is found to be incompetent, then the court "shall dismiss" the proceedings without prejudice unless the prosecutor objects to dismissal and moves for an order for competency restoration treatment.  Former RCW 10.77.088 (recodified as RCW 10.77.650).  At the hearing, the prosecutor must establish by a preponderance of the evidence that a compelling state interest exists to order competency restoration treatment.  Former RCW 10.77.088(1)(b) (recodified as RCW 10.77.650(1)(b)).

That Williams is incompetent to stand trial and that her pending misdemeanor charges are serious nonfelony offenses is not disputed.  The question is whether the State proved by a preponderance that the evidence supports a "compelling state interest" to order competency restoration.

In determining whether the prosecutor proved that the asserted state interest in ordering restoration is compelling, the court "may consider prior criminal history, prior history in treatment, prior history of violence, the quality and

severity of the pending charges, [and] any history that suggests whether competency restoration treatment is likely to be successful, in addition to the factors listed under RCW 10.77.665." RCW 10.77.650(1)(b). The additional factors include:

> (i) The charge includes an allegation that the defendant actually inflicted bodily or emotional harm on another person or that the defendant created a reasonable apprehension of bodily or emotional harm to another;
>
> (ii) The extent of the impact of the alleged offense on the basic human need for security of the citizens within the jurisdiction;
>
> (iii) The number and nature of related charges pending against the defendant;
>
> (iv) The length of potential confinement if the defendant is convicted; and
>
> (v) The number of potential and actual victims or persons impacted by the defendant's alleged acts.

RCW 10.77.665(3)(b).

Chapter 10.77 RCW does not define "compelling state interest." Williams points out that the statute makes dismissal the default and limits restoration to cases where a compelling state interest requires departure from it. She contends that the State needs to make this showing by presenting evidence, beyond the identity of the charges, that a special need exists in ordering restoration of a particular defendant. She further contends that the prosecutor at the district court hearing presented no evidence relevant to the analysis and that the district court and superior court erred by ordering restoration based solely on a cursory description of the charges.

But the district court found a compelling state interest to order competency restoration treatment by a preponderance of the evidence after consulting two

9

probable cause affidavits submitted by the State. RCW 10.77.650(1)(b) authorizes district courts to order competency restoration treatment for defendants facing a serious nonfelony charge based on "the quality and severity of the pending charges." And under RCW 10.77.665(3)(b)(i), (ii), and (v), courts may consider whether the defendant "actually inflicted bodily or emotional harm on another person," the "extent of the impact of the alleged offense on the basic human need for security of the citizens within the jurisdiction," and "[t]he number of potential and actual victims or persons impacted by the defendant's alleged acts."

We conclude that the State proved by a preponderance of evidence that the record supports a compelling state interest to order competency restoration. The probable cause affidavit for the DUI indicates that Williams reported that she drove her car into a guardrail after drinking whiskey for several hours before getting behind the wheel. According to the affidavit, an initial infrared analysis of her breath revealed a blood alcohol concentration of at least 0.144 percent. Testing of a second sample revealed a higher reading of up to 0.168 percent, more than twice the legal limit. And in the probable cause affidavit for the assault, Williams's niece alleged that Williams tripped her, pushed her into a dresser and tried to punch her. Deputies stated that Williams "appeared to be heavily intoxicated" and Williams's mother said "this is the most violent she has ever been." "Public safety is clearly a compelling interest." *Robinson v. City of Seattle*, 102 Wn. App. 795, 823, 10 P.3d 452 (2000).

We do not find error in the determination that there was a compelling state interest to order competency restoration. Because "legal cause" exists for Williams's restraint, the superior court did not err in denying her habeas petition.

Affirmed.

WE CONCUR: